IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ELLIE GARZA a/k/a ELLIE GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action |
| v. | § | No. C-07-263 |
| | § | |
| CONSUMER PORTFOLIO SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

**ORDER OF REMAND**

Plaintiff Ellie Garza filed the above-styled action in Texas state court on May 2, 2007, and Defendant Consumer Portfolio Services, Inc. ("CPS") was served on May 21, 2007. (Notice of Removal, ¶¶ 1-2). CPS removed the case to this Court on June 12, 2007, on the grounds of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Id.). Plaintiff in this case is a citizen of Texas, and Defendant is a citizen of California. (Id., ¶¶ 5-6; Lavin Aff.). Diversity jurisdiction under 28 U.S.C. § 1332(a) also requires that the amount in controversy be greater than $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a). From the face of Plaintiff's Original Complaint, it is not clear that the amount in controversy meets this $75,000 jurisdictional requirement.

The Court held a telephone conference in the above-styled action on June 13, 2007, regarding the issue of the amount in controversy. At that conference, Plaintiff stipulated that she would not seek or accept any damages in excess of $74,000 in this

case, including costs and any attorney's fees that Plaintiff may be eligible to recover from Defendant.[1]  Defendant accepted Plaintiff's stipulation.  Accordingly, the amount in controversy in this case does not reach the jurisdictionally required amount of $75,000.  See 28 U.S.C. § 1332(a).  Based on this agreement between the parties, the Court hereby REMANDS the above-styled action to the 79th Judicial District Court of Jim Wells County, Texas, where it was originally filed and assigned Cause Number 07-05-45810.

SIGNED and ENTERED this 13th day of June, 2007.

_____
Janis Graham Jack
United States District Judge

---

[1] This $74,000 limit does not include pre-judgment interest that Plaintiff may be eligible to recover from Defendant.